Plaintiff: Christina Michelle Cruise Pro Se
Address: 3030 Hirschfield Rd Apt 23C Spring TX 77373
Phone#: (520) 233-4848
Email address: teralynncamp2010@gmail.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTINA CRUISE** | ) | |
| **Plaintiff** | ) | No. _____ |
| v | ) | |
| **SHERI Y. DEAN, BEVERLY MALAZZO** | ) | **CIVIL RIGHTS COMPLAINT** |
| **SEFRA PERKINS, TARA BIGGERS** | ) | **TITLE 42 U.S.C §1983** |
| **HENRY "HANK" WHITMAN, JR.,** | ) | **COMPLAINT for** |
| **KRISTENE BLACKSTONE** | ) | **DECLARATORY,** |
| **FRANCIE AGUIRRE** | ) | **INJUNCTIVE, and** |
| **Defendants** | ) | **COMPENSATORY RELIEF and** |
| | ) | **PUNITIVE DAMAGES** |

## CIVIL RIGHTS COMPLAINT PURSUANT TO TITLE 42 U.S.C. §1983

Plaintiff Christina Michelle Cruise brings this Complaint pursuant to Title 42 United States Code

1983. Plaintiff seeks to vindicate her Rights as secured to her by Federal Laws and the United

States Constitution Fourth (4th) Amendment Prohibition against unreasonable search, Fourth (4th)

Amendment Prohibition against unreasonable seizure, and Fourteenth (14th) Amendment Due

Process against defendants, all of whom, at all times relevant to acts herein complained of, were acting under the color of law.

## JURISDICTION

This Court has jurisdiction over this action pursuant to Title 28 U.S.C. § 1331, (federal question jurisdiction). Title 28 U.S.C § 1343, Title 28 U.S.C § 1331 also confers jurisdiction in actions authorized by 42 U.S.C. § 1983 against defendants acting under color of state law.

Title 28 U.S.C § 2201 (authorizing declaratory relief) and Title 28 U.S.C § 2202 (authorizing injunctive relief).

## VENUE

Venue is proper in the United States District Court, Southern District of Texas, Houston Division, as a substantial part of the events or omissions giving rise to the claim occurred in this District.   Title 28 US code 1391(b) (2).

## PLAINTIFF

**The Plaintiff** is Christine Michelle Cruise, a citizen of the city of Spring, Harris County, Texas. The address of the Plaintiff is 3030 Hirschfield Rd Apt 23C Spring TX 77373.  Plaintiff can be reached by telephone at (520) 233-4848 and by email at: teralynncamp2010@gmail.com.

## DEFENDANTS

**HENRY "HANK" WHITMAN, JR.** is the Commissioner of the Texas Department of Family and Protective Services, "TDFPS" or the "Department".  Defendant Henry "Hank" Whitman, Jr. is sued in Defendant's individual capacity. Defendant's physical address is 701 W. 51st Street Austin, TX 78751. Defendant's mailing address is P.O. Box 149030 Austin, Texas 78714-9030.

**KRISTENE BLACKSTONE** is the Associate Commissioner of the Texas Department of Family and Protective Services, "TDFPS", or the "Department", for Child Protective Services. Defendant Kristene Blackstone is sued in Defendant's individual capacity. Defendant's physical address is 701 W. 51st Street Austin, Texas 78751.   Mailing address is P.O. Box 149030 Austin, Texas 78714-9030.

**SHERI Y. DEAN** is the Presiding judge of the 309th Judicial District Harris County Texas. Judge Sheri Y. Dean is sued in Defendant's individual capacity for declaratory and or injunctive relief only.  Defendant's address is Harris County 309th District Court 201 Caroline St, 16th Floor, Houston, TX 77002. Phone # (713) 274-4520.

**BEVERLY MALAZZO** is an Associate Judge in the 309th Judicial District Harris County Texas.  Associate Judge Beverly Malazzo is sued in Defendant's individual capacity for declaratory and or injunctive relief only.  Defendant's address is Harris County 309th District Court 201 Caroline St, 16th Floor, Houston, TX 77002. Phone # (713) 274-4520.

**FRANCIE AGUIRRE** is an Attorney for Harris County Texas. Defendant Aguirre is sued in Defendant's individual capacity. Defendant's mailing address is 1019 Congress St. 17th Floor Houston TX 77002.  Phone 713-274-5187.   email: francie.aguirre@cao.hctx.net.

**TARA BIGGERS** is a Social Worker Supervisor in the Texas Department Family and Protective services, in Child Protective Services, "CPS" section. Defendant Tara Biggers is sued in Defendant's individual capacity. Defendant's address is 1019 Congress St. 17th Floor Houston TX 77002.

**SEFRA PERKINS** is a Social Worker in the Texas Department Family and Protective services

in Child Protective Services "CPS" section. Defendant Sefra Perkins s sued in Defendant's individual capacity. Defendant's address is 1019 Congress St. 17th Floor Houston TX 77002.

## ACTION NOT BARRED BY SOVEREIGN IMMUNITY

This is not a suit against the State of Texas; therefore, this suit is not barred by Sovereign Immunity.

## ACTION NOT BARRED BY QUALIFIED IMMUNITY

## 4TH AMENDMENT AND 14TH AMENDMENT CLEARLY ESTABLISHED

The Supreme Court held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. *Harlow 457 U.S 818-19.*

Defendants would have been fully aware of the Court Order Requirement of the Fourth (4th) Amendment, by their taking of oath of office to support and defend the United States Constitution. Defendant would have been fully aware that TDFPS appealed a case to the Fifth Circuit regarding the necessity of obtaining a court order prior to entering in the premises to search and or seize a person. In Gates v. TDFPS case No. 06-20763; decided July 28, 2008, the Fifth Circuit held that the government may not seize a child from his or her parents without a court order, parental consent, or exigent circumstances. *See Attachment 'D'.*

TDFPS' internal memorandum dated August 22, 2008 from Carey Cockerell Commissioner, Joyce James Assistant Commissioner, CPS, and Gerry Williams General Counsel, sent purportedly, to all CPS personnel, describes the necessity, as ruled by the Fifth Circuit in Gates

v. TDFPS case No. 06-20763, decided July 28, 2008, of obtaining a valid court order,
permission, or the existence of exigent circumstances, before entering the premises. *See*
*Attachment 'A'.*

Defendants therefore would have been fully aware Defendants needed a valid court order,
exigent circumstance, or permission, prior to entering the premises of the Plaintiff. Defendants
had no court order, no permission, and no exigent circumstances, when they entered the premises
of the Plaintiff, on or about December 05, 2014.  Defendants had no court order, no permission,
and no exigent circumstances when they entered the premises of the Plaintiff, on or about
December 08, 2014. Therefore, Plaintiff alleges, this action is not barred by Qualified Immunity.

## NATURE OF CASE

This controversy, between Plaintiff Christina Michelle Cruise and Defendants, originated as
Parental Rights termination case initiated by Texas Department of Family and Protective
Services, herein abbreviated TDFPS, and Child Protective Services, herein abbreviated CPS.

Most of the Defendants are employees of TDFPS. Defendants, Judge Dean and Judge Malazzo,
are not employees of TDFPS, but were acting in conspiracy with other defendants who were
employees of TDFPS.

All of the Defendants, acting in conspiracy, embarked upon a hell-bent effort to terminate the
Parental Rights of the Plaintiff. During Defendants Unconstitutional, and illegal, alleged legal
proceedings, Defendants inflicted, upon this Plaintiff, irreparable injury. Plaintiff lodges these
complaints to vindicate her rights as secured to her by the United States Constitution, and the
Laws enacted thereunder, including Federal Criminal Law.

Plaintiff alleges that Defendants, all acting under the color of Law, did fully and completely rebel against her Constitutional Rights as secured by the United States Constitution, Fourth (4th) Amendment Right against unreasonable search in the Premises, Fourth (4th) Amendment unreasonable seizure, Fourteenth (14th) Amendment Due Process. Plaintiff alleges that Defendants, all acting under the color of the Law, did violate Federal Criminal Laws, including but not limited to, Title 18 United States Code 241 Conspiracy against Rights, and Title 18 United States Code 4 Misprision of Felony.

### ACTION NOT BARRED by ROOKER-FELDMAN DOCTRINE

The *Rooker-Feldman* doctrine is "narrow" and only applies when the plaintiff seeks the "review and rejection" of a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, *Rooker-Feldman* does not bar a federal lawsuit simply because it challenges the state court's legal conclusions or alleges that the parties misled the state court. *Truong v. Bank of America, N.A.*, 717 F.3d 377, 383-84 (5th Cir. 2013).

A federal lawsuit is not barred if the alleged injuries were caused by the defendants' actions rather than by the state court judgment, even if the defendants' actions led to the state court judgment. *Id.* at 382-84.

Here, Plaintiff Christina Michelle Cruise does not seek the review or rejection of the state court's custody order. Instead, she challenges the actions taken by the defendants before the state court entered any orders, such as the defendants' initial non-judicial seizure of her Biological Children.

Plaintiff seeks damages caused by Defendants actions, rather than the State Court Judgment. Plaintiff does not seek to review and rejection of a state court judgment. Therefore, Plaintiff

alleges, this lawsuit is not barred because Defendants actions led to a state court judgment. *See*

*Joni Saloom v. TX Dept of Family and Child, et al, No. 13-20605 (5th Cir. 2014).*

## ACTION NOT BARRED by YOUNGER ABSTENTION

*Younger* abstention prevents federal courts from enjoining certain pending state civil

proceedings. *Younger* abstention is also appropriate if the plaintiff's requested relief "would

interfere with an ongoing state proceeding." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 717

(5th Cir. 2012).

Here, Plaintiff's federal lawsuit does not seek to enjoin or interfere with any pending state civil

proceedings. Plaintiff's requests for equitable relief are quite limited.  Ordering the defendants to

follow the law, and disclose instances of non-compliance with the law, and to support and defend

the United States Constitution and Federal Laws enacted thereunder, could not conceivably

interfere with the state court's custody proceedings.  Therefore, Plaintiff Christina Michelle

Cruise alleges this action is not barred by the Younger abstention.   *See Joni Saloom v. TX Dept*

*of Family and Child, et al, No. 13-20605 (5th Cir. 2014).*

## STATEMENT OF FACTS

Defendant Sefra Perkins, accompanied by an unidentified, armed  officer, entered the premises

of this Plaintiff Christina Michelle Cruise, at 3030 Hirschfield Rd Apt 23C Spring TX 77373, on

or about Friday, December 05, 2014, at approximately 7:00 pm. Defendant entered into the

premises of the Plaintiff in an attempt to seize, without a court order, without exigent

circumstances, and without permission, the Biological Children of this Plaintiff Christina Cruise.

Defendant, Sefra Perkins was not successful in her seizure attempt. However, Defendant did execute an unreasonable search of the premises of the Plaintiff, on or about, December 05, 2014.

On or about December 08, 2014, Defendant, Sefra Perkins, accompanied by an unidentified, armed officer, entered the premises of this, Plaintiff Christina Michelle Cruise at 3030 Hirschfield Rd Apt 23C Spring TX 77373. Defendant entered onto the premises of Plaintiff without court order, without permission, and without exigent circumstances.

Subsequently to Defendants', illegally entering the premises of the Plaintiff, at 3030 Hirschfield Rd Apt 23C Spring TX 77373 on or about December 08, 2014, Defendants did, without court order, without permission, and without exigent circumstances, seize the Biological children of this Plaintiff Christina Michelle Cruise. Defendants seized the Biological children of this plaintiff and placed said children in the Temporary Conservatorship of The Texas Department of Family and Protective Services.

Defendant, Sefra Perkin was not in possession of a valid court order which would have authorized her entry into the premises of the Plaintiff, though Sefra Perkins had ample time to obtain a court order prior to attempting entry and the seizure.

A Court Order is required, pursuant to the United States Constitution Fourth (4th) Amendment prohibition against unreasonable search onto the premises, and prohibition against unreasonable seizures. Defendants would have been fully aware of the court order requirement of the 4th Amendment to the United States Constitution, because as executives of the State of Texas, and or a subdivision thereof, Defendants would have necessarily had to swear to support and defend the United States Constitution, including the 4th Amendment.

A Court order is required prior to Defendants entry into the Property of this plaintiff and prior to the seizure of the Plaintiff's biological Children as clearly established in the "Gates" case as decided in the United States court of Appeals for the Fifth Circuit No. 06-20763.

Defendants own internal Memorandum, would have notified the Texas Department Family and Protective Services Personnel of the absolute necessity of obtaining a court order prior to entry into the premises, and prior to seizure of the Biological Children of this Plaintiff, Christina Michelle Cruise. Said internal Memorandum was title "**Urgent Legal Advisory for Investigations**" and dated August 22, 2008.    *See attachment "A".*

Defendants, in executing the entry into the premises of the Plaintiff, without a court order, violated the United States Constitution Fourth (4th) Amendment and ignored their own internal Memorandum, titled, "Urgent Legal Advisory for Investigations" and dated August 22, 2008, and ignored the rulings of United States Court of Appeals for the Fifth Circuit No. 06-20763, which clearly establishes the necessity of obtaining a court order prior to entry and prior to seizure.  *See attachment "B".* Gates case  *http://www.ca5.uscourts.gov/opinions/pub/06/06-20763-CV0.wpd.pdf.*

Entry into the premises, of the Plaintiff, without court order or exigent circumstance, is inconsistent with Due Process as secured by the Fourteenth (14th) Amendment to the United States Constitution. One of the principles of Due Process is the requirement of fair and lawful procedures. The "Due Process", that should have been observed was that Sefra Perkins should have taken affidavits, sworn to by a witness to the alleged abuse or neglect, to a judge and obtained a court order that would have authorized Sefra Perkins to enter into the premises and to seize the Biological Children of the Plaintiff. That court order requirement prevents TDFPS from unreasonably depriving this Plaintiff Christina Michelle Cruise, of right to be free from

unreasonable search and seizures as secured by the Fourth (4th) Amendment to the United States Constitution.

The court order requirement, prior to entry into the home and seizure of the Biological Children of the Plaintiff, is a Constitutional right secured by the 4th and 14th Amendments to the United States Constitution, to persons threatened by government search and seizures. Defendants violated the United States Constitution Fourth (4th) Amendment prohibition against unwarranted searches and seizures, and Fourteenth (14th) Amendments Due Process Clause, when Defendants, without court order, without exigent circumstances, and without permission, entered the premises and seized the Biological Children of this Plaintiff.

Said unreasonable search and seizure, began this saga between the Plaintiff and the Texas Department Family Protective Services, CPS. This case has been in various stages of Litigation since December 08, 2014, and is currently on appeal in the First (1st) Court of Appeals of the State of Texas.

## THIS CASE HAS BEEN PENDING LONGER THAN IS ALLOWED BY STATUTE

The statute is clear that these, parental rights termination cases filed by TDFPS, must be dismissed on the first Monday after the first anniversary of the date the Department was appointed temporary managing conservator of the children, absent the rendering of a final order or the granting of an extension. *Id.* § 263.401(a); *see In re Tex. Dep't of Family & Protective Servs.,* 210 S.W.3d at 612 ("Subsection 263.401(a) of the Texas Family Code requires a trial court to dismiss a SAPCR filed by the Department if a final order has not been rendered" by the deadline.).   The court cannot just enter an extension order, though. For the suit to remain on the court's docket beyond the one-year dismissal date, the court must make specific findings to

support the extension order: "the court *may not* retain the suit on the court's docket" after the one-year dismissal date unless the court makes specific findings as set out in the statute. *TEX. FAM. CODE § 263.401(b) (emphasis added).*

Even if a trial court enters an extension order, the suit may be retained on the court's docket for a maximum of 180 days after the one-year dismissal date, and the trial court must make specific provision in the order setting;

> (1) The new dismissal date for not later than the 180-day limit, and
> (2) The trial on the merits for a date that complies with the 180-day limit.
> *Texas Family Code§ 263.401(b) (1)*
> (3). A trial court may not grant a second extension to retain the suit on the court's docket beyond the 180-day limit. *Texas Family§ 263.401(c)*

**Parties may not extend the deadlines set by the court "by agreement or otherwise."**

> *In Re Dept of Family & Protective Services Relator Cite as 273 S.W. 3d 637 (Texas 2009) No. 08-0524 Supreme Court of Texas Argued November 12, 2008 Delivered Jan 9, 2009 Texas Family Code§ 263.402(a).*

The Supreme Court of Texas has ruled that a Judge has no discretion in determining what the law is or properly applying the law. The record of this case is clear. CPS was appointed Temporary Managing Conservator on December 08, 2014. Pursuant to Statute, *Texas Family§ 263.401(a)*, if the court has not rendered a final order by the one-year anniversary date, the court must dismiss the case on the following Monday.

The court of Judge Sheri Y. Dean, the 309th Judicial District Harris County, failed to render a final order by the December 08, 2015 anniversary of the date TDFPS was appointed Temporary Managing Conservator in this case. Therefore, pursuant to Statute *Texas Family§ 263.401(a)*,

Judge Sheri Y. Dean had no discretion but dismiss the case on Monday, December 14, 2015, as this was the first Monday following the anniversary date that TDFPS/CPS was appointed temporary managing conservator. Judge Sheri Y. Dean, the 309th Judicial District Harris County abused her discretion when she failed to act in accordance with the Statute. *Texas Family Code §* *263.401(a).* Plaintiff alleges, Judge Sheri Y. Dean violated due process, as secured by the 14th Amendment to the United States Constitution, when she fail to observe the fair procedures, contained in Texas Family Code § 263.401(a).

The court could have extended the case, pursuant to Statute Texas Family§ 263.401(b), but to do so Judge Sheri Y. Dean would have had to conduct an extension hearing and found grounds for extending the case. The court *may not* retain the suit on the court's docket" after the one-year dismissal date unless the court makes specific findings as set out in the statute. *TEX. FAM.* *CODE § 263.401(b).*

The record of the court contains no extension hearing as required by Statute. *TEX. FAM. CODE* *§ 263.401(b).* The record of this court contains no findings of extraordinary circumstances that make it necessary that the children remain in the temporary managing conservatorship of TDFPS and that continuing the appointment of TDFPS as temporary managing conservator was in the best interest of the child.

Presiding Judge Sheri Y. Dean, nor her agent Associate Judge Beverly Malazzo, conducted an extension hearing before, December 08, 2015, the one-year anniversary date, TDFPS was appointed Temporary Managing Conservator, and made the requisite findings as required by Statute *Texas Family Code § 263.401(b).* Plaintiff contends that Presiding Judge Sheri Y. Dean, failure to dismiss this case on the first Monday following the first anniversary TDFPS was

appointed Temporary Managing Conservator, violates Due Process as secured by the 14th

Amendment to the United States Constitution. Judge Dean acted in an arbitrary and capricious

manner. Plaintiff alleges that the court must obey the law as applicable to the case.

Pursuant to statute, Texas Family Code § 263.401(a)(b), Plaintiff alleges the court of Sheri Y.

Dean abused the discretion of the court by not following the dictates of the Texas family code, in

particular Texas Family Code § 263.401(a)(b), when she failed to dismiss this case.

> **A trial court has no discretion in determining what the law is or properly applying the
> law and if the trial court fails to properly interpret the law or applies the law
> incorrectly, it abuses its discretion.**
> *In re Tex. Dep't of Family & Protective Services No. 08-0524 Supreme Court of Texas,*
> *argued Nov 12, 2008 Delivered Jan 09, 2009.  Cite as 273 S.W. 3d 637 (Tex. 2009).*

Judge Sheri Y. Dean, and CPS, collectively, Defendants, were fully aware of the dictates of the

time frames contained in the Texas Family Code. Judge Sheri Y. Dean as a sitting Judge on a

Texas Family Court is an expert in Texas Family Law. TDFPS, also, are experts in Texas Family

Law. As such, all Defendants would have been fully aware of the case deadlines contained in the

Texas Family Code.

TDFPS appealed a case to resolve Texas Family Code time deadline issues, to the Supreme Court of

The State of Texas. Case No. 08-0524 Supreme Court of Texas was argued November 12, 2008

and delivered Jan 9, 2009. The Supreme Court of the State of Texas, definitively states that the

timeframes contained in the Texas Family Code are mandatory. *See exhibit "C".*

Plaintiff Christina Michelle Cruise complained, via a timely motion to dismiss, that the trial

court, had neither entered a final order, before the one-year anniversary date, nor had the trial

court conducted an extension hearing and made findings that extraordinary circumstances

existed, such that it was in the best interest of the children, that TDFPS continue as temporary managing conservator.

Judge Sheri Y. Dean, Presiding Judge of the 309th Judicial District Harris County, TX, denied the Plaintiff Christina Michelle Cruise's motion to dismiss. Judge Sheri Y. Dean would have known that her court was out of the allotted time to render final judgment. Pursuant to Statute, the Texas Family Code 263.401, Judge Dean had no choice but to dismiss the cases, and abused her discretion when she failed to do so. *No. 08-0524 Supreme Court of Texas Argued November 12, 2008 Delivered Jan 9, 2009.*

Being out the time allotted to render final judgment in these cases, instead of dismissing the case and returning the children to their biological mother Christina Cruise, as required by the Texas Family Code Section 263.401, CPS and Judge Sheri Y. Dean conspired to perpetrate a fraud, and violate Plaintiff rights to Due Process under the Fourteenth (14th) Amendment. Defendants TDFPS and Judge Sheri Y. Dean extended the case without a hearing and without the requisite findings as required by statute.

Judge Sheri Y. Dean extended this case, without a hearing, in violation of the 14th Amendment Section 1 Due Process Clause of the United States Constitution, and the *Texas Family Code 263.401*. No record of a hearing exists in the records of the court. No record of a finding of extraordinary circumstances, that necessitate TDFPS remain as Temporary Managing Conservator, exists in the records of the court.

Plaintiff Christina Michelle Cruise complained via Mandamus to the First (1st) Court of Appeals. Judge Sheri Y. Dean conspired with CPS to execute a fraudulent Nunc Pro Tunc order or judgment to create a false record of an alleged hearing that never took place. Defendants, Judge

Sheri Y. Dean and CPS committed fraud into the record of the 309th Judicial District Court of Harris County, TX, and in the First (1st) Court of Appeals, when she used an order or judgment nunc pro tunc to make it appear that she conducted an extension hearing. Judge Sheri Y. Dean conducted no extension hearing. Judge Sheri Y. Dean rendered no findings of extraordinary circumstances such that it was in the best interest of the children to remain in the Temporary custody of TDFPS.

Proper use of the Nunc pro tunc is to correct a clerical error, to make the record speak the truth. Nunc pro tunc cannot be used to create a record of something that did not in fact happen. Nunc pro tunc cannot be used to rewrite history. Judge Dean and her Co Conspirator, Associate Judge Beverly Malazzo, and CPS, unlawfully extended this case without a hearing and without the finding of extraordinary circumstances as required, by statute, the Texas Family Code Section 263.401.

The fraudulent use of a Nunc Pro Tunc, to correct a judicial error, as opposed to its proper use; to correct a clerical error, was perpetrated to allow CPS to continue as Temporary Managing Conservator. This fraud violated Due Process of Law, a Constitutional right, secured by the United States Constitution 14th Amendment.

 The extension of this case, beyond mandatory timeframes, without a hearing and findings of extraordinary circumstances that necessitated TDFPS continuing as temporary managing conservator, is a judicial error. A nun pro tunc cannot be used to correct a judicial error. A nunc pro tunc can only be used to correct a clerical error. A judicial error is an error in the rendering of the order, or judgment. A clerical is an error in the recording of the order or judgment.  Only clerical error can be corrected with nunc pro tunc.

**Texas Family Code - FAM § 263.401. Dismissal after One Year;**

**New Trials; Extension,**

Pursuant to Statute, the court can only retain the case on its docket for a single, 180-day extension. The statute is clear on the mandatory timeframes.

The record of the court of Judge Sheri Y. Dean is clear. TDFPS was appointed Temporary Managing Conservator on December 08, 2014. The one-year Anniversary of the case would have been December 08, 2015. A single 180-day extension would have ended on Monday June 6, 2016. The court of Judge Sheri Y. Dean would have had no discretion but dismiss the case on Monday June 13, 2016. The court of Judge Sheri Y. Dean, the 309th Judicial District Harris County Texas, abused its discretion when it retained this case on its docket in violation of the mandatory timeframes. *see TX Fam Code § 263.401 see exhibit 'C'.*

When Judge Sheri Y. Dean, failed to dismiss the case as required by statute, she allowed TDFPS to unlawfully continue as Temporary Managing Conservator. Judge Sheri Y. Dean could only perform the ministerial task of dismissing this case. By failing to dismiss the case, and failing to return the Plaintiff's Biological children to her, Judge Sheri Y. Dean, constructively seized the biological Children of the Plaintiff, in violation of the 4th Amendment proscription against unreasonable seizures. Plaintiff alleges Judge Sheri Y. Dean violated her due process rights as secured by the 14th Amendment of the United States Constitution, when Judge Sheri Y. Dean failed to dismiss the case, as required by the statute, after the one-year anniversary and the single 180-day extension had passed. *Texas Family Code § 263.401.*

**CPS Has No Standing by Which the Court Can Assert Jurisdiction.**

CPS brought this suit, and alleged that the children had been abused and or neglected, asking the court of Judge Sheri Y. Dean, the 309th Judicial District Harris County, TX, to assert its jurisdiction. CPS alleged that this court had jurisdiction because the children had been victims of abuse and or neglect. CPS alleged it had standing to prosecute this claim.

CPS committed fraud, in their allegations of abuse. There was no abuse or neglect, inflicted upon these children. CPS has no standing, because there is no case or controversy. Abuse or neglect is necessary for CPS to have Standing. Standing is necessary to confer jurisdiction of the court of Judge Sheri Y. Dean. Judge Sheri Y. Dean conspired with CPS to illegally assert that her court had jurisdiction over these cases. Without Standing, the court has no jurisdiction.

The Statute Texas Family Code; Subchapter B. Taking Possession of Child Sec. 262.101, clearly states that a suit filed by a governmental entity that requests permission to take possession of a child without prior notice and a hearing must be supported by affidavit sworn to by a person with personal knowledge and stating facts sufficient to satisfy a person of ordinary prudence and caution that exigent circumstances exist and there is no time for adversary hearing.

The record of this court contains no such sworn affidavit, as required by statute, TX Family Code Sec. 262.101. The court of Judge Sheri Y. Dean, the 309th Judicial District Harris County Texas, asserted jurisdiction through the statute, TX Family Code Sec. 262.101. Christina Cruise alleges that, CPS and Judge Sheri Y. Dean, have not complied with the requirements of the statute, Texas Family Code Sec. 262.101.There is no record of the sworn affidavit, that is required pursuant Texas Family Code Sec 262.101. The court of Judge Sheri Y. Dean has no jurisdiction,

because CPS never presented a sworn affidavit as required by statute Texas Family Code Sec 262.101.

The Court of Judge Sheri Y. Dean does not have jurisdiction, because CPS does not have standing to prosecute the case. CPS relied on TX Family Code 262.101 to bring this case to court, but failed to comply with the requirements of Texas Family Code 262.101.

This Case was void from its inception. CPS has no standing; therefore the court has no jurisdiction. If a judge acts without jurisdiction the judgment and orders are void.

In Ex parte Armstrong, 8 S.W.2d 674, 675–676 (Tex.Cr.App.1928), it was stated: "Jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case. Unless the power or authority of a court to perform a contemplated act can be found in the Constitutions or laws enacted there under, it is without jurisdiction, and its acts, without validity."    State ex rel. Millsap v. Lozano, 692 S.W.2d 470, 482 (Tex. Crim. App. 1985).

"If the court has no jurisdiction, it should proceed no further with the case other than to dismiss it for want of power to hear and determine the controversy. In such a case, any order or decree entered other than one of dismissal is void." Hall v. Wilbarger County, 37 S.W.2d 1041, 1046 (Tex.Civ.App.—Amarillo 1931), affirmed 55 S.W.2d 797. Standing may be predicated on statutory or common-law authority.   *Aubrey v. Aubrey, 523 S.W.3d 299 (Tex. App. 2017)*

When standing has been statutorily conferred, the statute itself serves as the proper framework for a standing analysis, and the party seeking relief must allege and establish standing within the parameters of the language used in the statute.   *Aubrey v. Aubrey, 523 S.W.3d 299 (Tex. App. 2017)*

Standing is a component of the trial court's subject-matter jurisdiction.

*Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445–46 (Tex. 1993).*

 As a component of subject-matter jurisdiction, it cannot be waived, nor can it be conferred by agreement. See id. (Holding standing cannot be waived);  In re K.K.C., 292 S.W.3d 788, 790 (Tex. App.—Beaumont 2009, no pet.) (Holding "[a] party generally cannot confer or obtain standing by consent or agreement").

Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case. *The M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704 (Tex. 2001)*

Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case. The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553–54 (Tex. 2000)*

Standing is a necessary component of subject-matter jurisdiction, without which a court lacks authority to hear a case.   *Freeman v. Harleton Oil & Gas, Inc., No. 06-16-00034-CV, 2017 WL 2889121 (Tex. App. July 7, 2017), reh'g overruled (Aug. 8, 2017)*

If the record presents a standing issue the parties have failed to raise, courts must do so sua sponte. *Freeman v. Harleton Oil & Gas, Inc., No. 06-16-00034-CV, 2017 WL 2889121 (Tex. App. July 7, 2017), reh'g overruled (Aug. 8, 2017)* If the plaintiff lacks standing to bring all of his claims, the court must dismiss the whole action for want of jurisdiction.   *Neff v. Brady, No. 01-15-00544-CV, 2017 WL 2806784 (Tex. App. June 29, 2017).*

Where standing is conferred by statute, the statute itself serves as the proper framework for the standing analysis. *Neff v. Brady, No. 01-15-00544-CV, 2017 WL 2806784 (Tex. App. June 29, 2017).*

If the plaintiff fails to establish proper standing, then the trial court must dismiss the suit. *Rolle v. Hardy, No. 01-16-00402-CV, 2017 WL 2376826 (Tex. App. June 1, 2017).*

**General Allegations for Cause of Action pursuant to Title 42 United States Code 1983.**

**Title 42 United States Code 1983 states in relevant part**

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The elements of a Section 1983 case are "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color" of state law. The "laws" referred to include those statutes that confer individual rights on a class of persons that include the plaintiff. Because the purpose of Section 1983 is to vindicate federal rights, a plaintiff suing under the statute is in most circumstances not required to exhaust state procedures or remedies which would be otherwise required prior to filing suit.

To prevail on a claim under Section 1983, "a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Brown v. Miller, 519 F.3d 231, 236 (5th Cir.2008);*

It is more accurate to view a § 1983 claim for relief as comprising four separate requirements: (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused, (3) by the conduct of a person (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." By its terms, Section 1983 can be used to remedy the deprivation of "rights" granted to the plaintiff under the Constitution, federal statutes, and regulations implementing these statutes.

**Constitutional and Federal Laws Violations of which Plaintiff Complains;**

**Fourth (4th) Amendment to the United States Constitution:** The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized.

**United States Constitution Fourteenth (14th) Amendment Section 1;** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Due Process Clause of the Fourteenth Amendment serves three distinct functions in modern constitutional doctrine: "First, it incorporates [against the States] specific protections defined in the Bill of Rights....Second, it contains a substantive component, sometimes referred to as

'substantive due process.'...**Third, it is a guarantee of fair procedure, sometimes referred to as 'procedural due process.'**

"The touchstone of due process is protection of the individual against arbitrary action of government. By requiring the government to follow appropriate procedures when its agents decide to "deprive any person of life, liberty, or property," the Due Process Clause promotes fairness in such decisions. And by barring certain government actions regardless of the fairness of the procedures used to implement them, it serves to prevent governmental power from being "used for purposes of oppression". **Due process**, therefore, deals with the administration of justice and thus the **due process** clause acts as a safeguard from arbitrary denial of life, liberty, or property by the government outside the sanction of law.

**United States Constitution 14th Amendment Section 3 Section;** No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

**Title 18 United States Code 241 Conspiracy against Rights:** If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him

by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured— They shall be fined under this title or imprisoned not more than ten years, or both;

**Title 18 U.S. Code § 4 - Misprision of felony;** Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

At all relevant times complained of, Texas Department of Family and Protective Service, "TDFPS", or the "Department", was an agency of the State of Texas.  The Legislature has granted the Department authority to take possession of children and file suit to seek the termination of parental rights, as it did in this case. *See TEX. FAM. CODE §§ 161.001, 262.001(a).*

However, the Legislature has prescribed with particularity how certain aspects of such suits must be conducted. In particular, the Legislature prescribes the necessity of a valid court order, permission, or exigent circumstances prior to removal of children from the home. The legislature also prescribes with particularity how long these types of cases can remain on the court's docket. *See Texas Family Code 263.401 – Dismissal after One Year; New Trials; Extension.*

Furthermore, the United States Constitution 4th and 14th Amendments, restricts the entry and the search, and the removal, of the children of citizens, who come under the purview of the TDFPS.

Plaintiff alleges that Defendants acted in violation of the United States Constitution 4th and 14th Amendment to the United States Constitution. Plaintiff alleges that Defendants acted beyond their authority, and in an Ultra Vires Manner in violating the Texas Family Code §§ 161.001, 262.001(a*).* **See Exhibit 'C':** *In Re Dept. of Family & Protective Services, 273 S.W.3d 637 (Tex. 2009) No. 08-0524 Texas Supreme Court  Filed: January 9th, 2009  Precedential Status: Precedential* **See Exhibit 'D':** *Gates v. TDFPS case No. 06-20763, decided July 28, 2008.  See Texas Family Code 263.401.*

Plaintiff Christina Michelle Cruise, alleges that a Conspiracy to deprive her of those rights, privileges, and immunities that are secured by the United States Constitution 4th and 14th Amendments, constitute Federal Felonies. *See Title 18 United States Code 241.* Plaintiff Alleges that the failure to report the Federal Felony that one knows to have been committed, constitutes a Federal Felony. *See Title 18 United States Code 4.*

## CAUSE OF ACTION #1

### Unreasonable Search on or about December 05, 2014 violation of
### The Fourth (4th) Amendment United States Constitution

On or about December 05, 2014, at 3030 Hirschfield Rd Apt 23C Spring TX 77373, in the Southern District of Texas, Houston Division;

### SEFRA PERKINS;

while acting under the Color of Law, did knowingly, and willfully, combine, conspire, confederate and agree with Defendants, Judge Sheri Y. Dean, Associate Judge Beverly Malazzo, of the 309th Judicial District Harris County, and Francie Aguirre, an Attorney for Harris County, Henry "Hank" Whitman, Jr., Commissioner of TDFPS, Kristene Blackstone, Associate

Commissioner TDFPS, for CPS, and Tara Biggers, a supervisor at TDFPS, to injure, oppress, and intimidate, Plaintiff, Christina Michelle Cruise, in the free exercise and enjoyment of the rights and privileges secured to Plaintiff, Christina Michelle Cruise, by the Constitution and laws of the United States, namely, the right to be free from unreasonable searches as secured by the 4th Amendment to the United States Constitution.

## MANNER AND MEANS

It was part of the conspiracy that the Defendant, Sefra Perkins would, in agreement with other conspirators; enter the premises of the Plaintiff, Christina Michelle Cruise, at 3030 Hirschfield Rd Apt 23C Spring TX 77373, in the Southern District of Texas, Houston Division, on or about December 05, 2014. Defendant Sefra Perkins, under the color of law, did so enter the premises of the Plaintiff, on or about December 05, 2014, without court order, without exigent circumstances and without permission, with the express intent to deprive Christina Michelle Cruise, of those rights secured to her by the United States Constitution Fourth (4th) Amendment, namely the right to be free of unreasonable searches.

It was part of the conspiracy that other Defendants would provide material support, and aid and abet, Defendant Sefra Perkins by providing her with the means and methods to accomplish the unreasonable search. All Defendants had full knowledge that Sefra Perkins was executing an unreasonable search of the premises of Plaintiff Christina Cruise, and Defendants, all of them agreed to accomplish the unreasonable search of the premises the Plaintiff Christina Michelle Cruise.

## OVERT ACTS

In the furtherance of the Conspiracy and to achieve the object thereof, at least one of the Co- Conspirators, namely Sefra Perkins, committed and caused to be committed at 3030

Hirschfield Rd Apt 23C Spring TX 77373, in the Southern District of Texas, Houston Division, on or about December 05, 2014, at least one of the following overt acts.

### SEFRA PERKINS

entered the premises of Christina Michelle Cruise at 3030 Hirschfield Rd Apt 23C Spring TX 77373, on or about December 05, 2014, without court order, without exigent circumstances, and without permission, in an unreasonable search of the home of Plaintiff Christina Michelle Cruise. Said unreasonable search of the home of the Plaintiff is in violation of the unreasonable search prohibition of the 4th Amendment of the United States Constitution. Said unreasonable search constitutes Federal Felonies under Title 18 U.S. Code 241 Conspiracy against Rights, and Title 18 U.S. Code 4 Misprision of a Felony, and gives rise to this Cause of Action #1, under Title 42 United States Code Section 1983.

### CAUSE OF ACTION #2

#### Unreasonable Search on or About December 08, 2014 in violation of
#### The Fourth (4th) Amendment United States Constitution

On or about December 08, 2014, at 3030 Hirschfield Rd Apt 23C Spring TX 77373, in the Southern District of Texas, Houston Division;

### SEFRA PERKINS

while acting under the Color of Law, did knowingly, and willfully, combine, conspire, confederate and agree with Defendants, Judge Sheri Y. Dean, Associate Judge Beverly Malazzo, of the 309th Judicial District Harris County, and Francie Aguirre, an Attorney for Harris County, Henry "Hank" Whitman, Jr., Commissioner of TDFPS, Kristene Blackstone, Associate Commissioner TDFPS, for CPS, and Tara Biggers, a supervisor at TDFPS, to injure, oppress,

and intimidate, Plaintiff, Christina Michelle Cruise, in the free exercise and enjoyment of the

rights and privileges secured to Plaintiff, Christina Michelle Cruise, by the Constitution and laws

of the United States, namely, the right to be free from unreasonable searches as secured by the 4th

Amendment to the United States Constitution.

## MANNER AND MEANS

It was part of the conspiracy that the Defendant, Sefra Perkins would, in agreement with other

conspirators; enter the premises of the Plaintiff, Christina Michelle Cruise, at 3030 Hirschfield

Rd Apt 23C Spring TX 77373, in the Southern District of Texas, Houston Division, on or about

December 08, 2014. Defendant Sefra Perkins, under the color of law, did so enter the premises of

the Plaintiff, on or about December 08, 2014, without court order, without exigent circumstances

and without permission, with the express intent to deprive Christina Michelle Cruise, of those

rights secured to her by the United States Constitution Fourth (4th) Amendment, namely the right

to be free of unreasonable searches.

It was part of the conspiracy that other Defendants would provide material support, and aid and

abet, Defendant Sefra Perkins by providing her with the means and methods to accomplish the

unlawful entry. All Defendants had full knowledge that Sefra Perkins was executing an

unreasonable search of the premises of Plaintiff Christina Cruise, and Defendants, all of them

agreed to accomplish the unreasonable search of the premises the Plaintiff Christina Michelle

Cruise.

## OVERT ACTS

In the furtherance of the Conspiracy and to achieve the object thereof, at least one of the

Co- Conspirators, namely Sefra Perkins, committed and caused to be committed at 3030

Hirschfield Rd Apt 23C Spring TX 77373, in the Southern District of Texas, Houston Division, on or about December 08, 2014, at least one of the following overt acts.

### SEFRA PERKINS

entered the premises of Christina Michelle Cruise at 3030 Hirschfield Rd Apt 23C Spring TX 77373, on or about December 08, 2014, without court order, without exigent circumstances, and without permission, in an unreasonable search of the home of Plaintiff Christina Michelle Cruise. Said unreasonable search of the home of the Plaintiff is in violation of the unreasonable search prohibition of the 4th Amendment of the United States Constitution. Said unreasonable search constitutes Federal Felonies under Title 18 U.S. Code 241 Conspiracy against Rights, and Title 18 U.S. Code 4 Misprision of a Felony, and gives rise to this Cause of Action #2, under Title 42 United States Code Section 1983.

### CAUSE OF ACTION #3

### Unreasonable seizure Child 'A' on or About December 08, 2014 in violation of The Fourth (4th) Amendment United States Constitution

On or about December 08, 2014, at 3030 Hirschfield Rd Apt 23C Spring TX 77373, in the Southern District of Texas, Houston Division;

### SEFRA PERKINS;

while acting under the Color of Law, did knowingly, and willfully, combine, conspire, confederate and agree with Defendants, Judge Sheri Y. Dean, Associate Judge Beverly Malazzo, of the 309th Judicial District Harris County, and Francie Aguirre, an Attorney for Harris County, Henry "Hank" Whitman, Jr., Commissioner of TDFPS, Kristene Blackstone, Associate Commissioner TDFPS, for CPS, and Tara Biggers, a supervisor at TDFPS, to injure, oppress, and intimidate, Plaintiff, Christina Michelle Cruise, in the free exercise and enjoyment of the